| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Alejandro Oliveras-Rivera<br>P.O. Box 9024062<br>San Juan, Puerto Rico 00902-4062 | **DEFENDANTS**<br>Nomar Andre Torres Laboy |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Pedro R. Medina Hernandez Esq- USDC 226614<br>P.O. Box 9024062<br>San Juan, Puerto Rico 00902-4062 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
TURN OVER OF PROPERTY OF THE ESTATE; AVOIDANCE OF FRAUDULENT TRANSFER

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
   (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ Turn over real property or in defect payment of $93,000.00 |
| Other Relief Sought Reimbursement of all cost and expenses incurred in connection with this adversary proceeding. | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR<br>ANA T FIGUEROA ROMAN || BANKRUPTCY CASE NO.<br>19-03969 EAG |||
| DISTRICT IN WHICH CASE IS PENDING<br>DISTRICT OF PUERTO RICO || DIVISION OFFICE || NAME OF JUDGE<br>EDWARD A. GODOY |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||||
| PLAINTIFF || DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |||||
| DATE<br>April 29, 2021 |||  PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>PEDRO RAFAEL MEDINA HERNANDEZ, ESQ -226614 ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br>ANA T FIGUEROA ROMAN | CASE NO. 19-03969 EAG<br><br>CHAPTER 13 |
| Alejandro Oliveras-Rivera,<br>Standing Chapter 13 Trustee<br>for the estate of<br>ANA T FIGUEROA ROMAN<br><br>PLAINTIFF<br><br>Vs.<br><br>Nomar Andre Torres Laboy<br>Ana T. Figueroa Roman<br>Co-defendant John Doe<br>Co-defendant Jane Doe<br>Co-defendant ABC Insurance<br>Company<br>**DEFENDANTS** | ADVERSARY NO. 21-<br><br>AVOIDANCE OF FRAUDULENT<br>TRANSFER UNDER SECTION 548 |

## COMPLAINT

TO THE HONORABLE COURT:

**COMES NOW**, Plaintiff, by and through the undersigned attorney and very respectfully, **ALLEGES, STATES** and **PRAYS** as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. Section 157 (b) (2) (A) and (F) and 11 U.S.C. 547(b).

3. Venue is proper for this adversary proceeding pursuant to 28 U.S.C. Section 1409.

4. This adversary proceeding relates to the herein captioned bankruptcy case, which was commenced upon the filing of Debtor's voluntary petition under Chapter 13 of the Bankruptcy Code on July 12, 2019.

5. The Plaintiff has authority to file this adversary proceeding in accordance with 11 U.S.C. 548 and Rules 6009 and 7001 *et seq.* of the Federal Rules of Bankruptcy Procedure.

**PARTIES**

6. Plaintiff, Alejandro Oliveras-Rivera is the duly appointed, qualified Standing Chapter 13 Trustee of the estate in related bankruptcy case 19-03969 EAG. (hereinafter referred to as "Trustee-Plaintiff").

7. To the best of trustee-plaintiff's knowledge and/or belief, Defendant, Mr. Nomar Andre Torres-Laboy, natural person, individual and is resident in the Commonwealth of Puerto Rico.

8. Co-defendant John Doe is any natural person, individual, corporation or association that may be known in the future to be liable for any of the allegations made by the trustee-plaintiff in this instant adversary proceeding.

9. Co-defendant Jane Doe is any natural person, individual, corporation or association that may be known in the future to be

liable for any of the allegations made by the plaintiff in this instant adversary proceeding.

10. Co-defendant ABC Insurance Company is any insurance company or corporation that may be known in the future to be liable for any of the allegations made by the plaintiff in this instant adversary proceeding.

11. Co-defendant Ana T. Figueroa, is of legal age and resident of Guaynabo, Puerto Rico. Said codefendant is the chapter 13 debtor in related bankruptcy case No. 19-03969-EAG. Said person is included as co-defendant in this case as an indispensable party to this adversary proceeding.

12. Since the allegations to be made in this complaint relate to the transfer of real property made by co-defendant, Ana T. Figueroa Roman, when referring to this codefendant in the averments to follow in this complaint, she will be referred to as "debtor" in the singular form.

**FACTUAL ALLEGATIONS**

13. On July 12, 2019, debtor, Mrs. Ana T. Figueroa Roman filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court, for the District of Puerto Rico; which was assigned with case number 19-03969 (EAG). See Bankruptcy Docket no. 1.

14. On July 12, 2019, along with the voluntary petition, debtor filed the corresponding schedules, among them, Official Form 107 also known as the Statement of Financial Affairs for Individuals Filing for Bankruptcy, herein after "SOFA". See Bankruptcy Docket no. 1.

15. At part seven (7), item eighteen (18) of the "SOFA", which reads as follows: "***Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?*** *Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.*" Debtor check marked and answered "YES", disclosing therein as the person who received a transfer, the defendant in this adversary proceeding, Nomar Andre Torres Laboy. Debtor further provided the description of the transferred property as "7,980 METERS LOT LOCATED IN CANABONCITOS WARD, CAGUAS, PUERTO", having received the amount of fifteen thousand dollars ($15,000.00) on January 16, 2018. See, page 39 in Bankruptcy Docket no. 1.

16. Upon trustee-plaintiff's investigation of debtor's financial affairs at the meeting of creditors held pursuant 11

U.S.C. section 341 on August 20, 2019, the disclosure made by debtor at her "SOFA" part seven (7), item eighteen (18), was confirmed and resulted in debtor providing additional details pertaining the transfer. At said meeting, Debtor testified under oath, that she sold real property consisting of a lot of land, located at Cañaboncito, in the municipality of Caguas, Puerto Rico, to defendant Nomar Andre Torres Laboy in the amount of fifteen thousand dollars ($15,000.00). Debtor further testified that at the time of the sale took place, the lot was valued at ninety-five thousand dollars ($95,000.000), but she sold the lot under value due to an urgent need of money since her financial situation had been greatly affected due to a divorce. See Bankruptcy Docket no. 9.

17. Pursuant to 11 U.S.C. 521(a)(3), Debtor provided trustee-plaintiff with copy of the sales deed number (1) dated January 16, 2018 before notary Reymerik Aponte Lopez, as evidence of the transaction. Parties appearing at the sales transaction deed before the notary are Debtor and Defendant. (-English translation to be provided once obtained) **See Exhibit 1**

18. Pursuant to 11 U.S.C. 521(a)(3), Debtor provided trustee-plaintiff with a land report appraisal of the real property located at Cañaboncito. The appraisal report shows that as of March 11, 2015, the property was valued and signed by appraiser

Jorge A. Figueroa-Papaleo in the amount of ninety-three thousand, four hundred and eighty dollars ($93,480.00). **See Exhibit 2**

19. Pursuant to 11 U.S.C. 521(a)(3), Debtor provided Plaintiff with a title study that shows that the real property transferred, appears at the Puerto Rico Property Registry in the municipality of Caguas as "Plot 24314, recorded at page 115, volume 450 de Caguas, Caguas Registry, Section I". The aforementioned property contains the following description in the Spanish Language (-English translation of the description to be provided once obtained). **See Exhibit 3:**

> RUSTICA: Parcela D. Predio de terreno radicado en el Barrio Cañaboncito del término municipal de Caguas, compuesta de dos cuerdas y treinta milésimas de otra, equivalente a setenta y nueve áreas, ochenta centiáreas y diez y ocho miliáreas, o sea, siete mil novecientos ochenta metros y diez y ocho centímetros cuadrados. En lindes por el NORTE, con terrenos de Francisco Ayala; por el SUR, con la parcela letra "C" de la finca principal que se adjudicará a Francisco Ayala Resto; por el ESTE, por cuya colindancia corre a todo lo largo de franja de terreno de ocho metros de ancho, dedicada a servidumbre de paso establecida sobre la finca principal y que forma parte de esta parcela con terrenos de Marcos Rojas; y por el OESTE, con terrenos de Genaro Báez.

20. The title study shows that the real property described at paragraph nineteen (19) above, has no liens and that the deed that contains the sale between Debtor and Defendant was presented on January 18, 2018 before the Property Registry and is pending recordation.

21. Pursuant to 11 U.S.C. 521(a)(3) Debtor provided trustee-plaintiff with defendants last known address.

22. Trustee-plaintiff made extrajudicial efforts to avoid the filing of this adversary proceeding, but no avail.

23. Plaintiff sent a letter dated April 23, 2020 to Defendant via Certified Mail, return receipt requested, number 7014 2120 0000 7488 0644, requesting therein the transfer of real property at Cañaboncito back to the debtor. The letter was sent to the following address: Urb Villa del Carmen J-24, Calle Arecibo, Caguas PR 00725. **See Exhibit 4**.

24. Per the United States Postal Service internet website, the letter dated April 23, 2020 was delivered to the address mentioned in paragraph twenty-three (23) on May 2, 2020. At 10:52 am.(https://tools.usps.com/go/TrackConfirmAction?qtc tLabels1=70 14212000074880644) **See Exhibit 5**.

25. As to the date of the filing of this adversary proceeding, the letter dated April 23, 2020 was not answered by defendant.

26. Trustee-Plaintiff sent a second letter dated September 29, 2020 to defendant via Certified Mail and Receipt number, 7014 2120 0000 7488 1870, requesting therein once again the transfer of real property at Cañaboncito back to the debtor. The letter was

sent to the following address: Urb Villa del Carmen J-24, Calle Arecibo, Caguas PR 00725. **See Exhibit 6**.

27. Per the United States Postal Service internet website, the letter dated April 23, 2020 was delivered to the address mentioned in paragraph twenty-six (26) on October 5, 2020 at 5:13 pm.(https://tools.usps.com/go/TrackConfirmAction?qtc tLabels1=701 42120000074881870) **See Exhibit 7**.

28. As to the date of the filing of this adversary proceeding, the letter dated September 29, 2020 was not answered by Defendant.

29. The sale made by Debtor to Defendant constitutes a voidable transaction by trustee-plaintiff, and is property of the bankruptcy estate subject to the recovery powers granted to Plaintiff-Trustee pursuant to sections 541, 542, 544, 548 and 550.

30. Debtor made the transfer-sale of real property at Cañaboncito on January 16, 2018 and then filed the chapter 13 voluntary petition on July 12, 2019. This transfer is voidable by trustee-plaintiff and its timely pursuant to Section 546(a)(1)(A) of the Bankruptcy Code.

31. Debtor made the transfer-sale of real property at Cañaboncito is voidable by trustee plaintiff pursuant to 548 of the Bankruptcy Code, since the debtor received less than a reasonable equivalent value in exchange for such transfer and was

made while the debtor was insolvent on the date of the transfer and contributed to the insolvency of the debtor.

32. Debtors chapter 13 plan has not been confirmed as the liquidation value of the estate cannot be determined pursuant to 11 USC 1325(a)(4), since the recovery of the real property transferred hinges upon said determination. The recovery of the real property will benefit the estate as unsecured creditors who filed timely claims would be able to receive 100% dividend of their claims versus the estimated 6% that they would receive if the plan is confirmed without the recovery of the real property.

## COUNT ONE
## FOR DECLARATORY JUDGMENT

33. Plaintiff repeats and re-avers the allegations contained in paragraphs 6 to 32 of this Complaint, as if fully set forth herein.

34. This collection is preserved for the benefit of the estate pursuant to 11 U.S.C. § 541(a)(3) and 11 U.S.C. § 541(a)(4).

35. The sale made by Debtor to Defendant constitutes an unwarranted transfer under Section 548 of the Bankruptcy Code to the extent that:

> a. The above mentioned sale constitutes a transfer of an interest of the Debtor in property, incurred by the debtor, that was made or incurred on or within two (2) years before the date of the filing of the

petition;

b. received less than a reasonably equivalent value in exchange for such transfer or obligation;

c. The transfer was made while Debtor was insolvent;

36. Pursuant to Section, 11 U.S.C. §548, trustee-plaintiff may avoid this transfer made to Defendant.

37. Trustee-plaintiff requests that judgment be entered declaring that the sale made by debtor of the lot located at Cañaboncito, in Caguas Puerto Rico, as described in paragraph nineteen (19) above, is a voidable transfer that must be returned to the estate, or its value for the benefit of all non-priority unsecured creditors.

**COUNT TWO**
**CAUSE OF ACTION FOR AVOIDANCE OF FRAUDULENT TRANSFERS-**
**11 U.S.C 548**

38. Plaintiff repeats and re-avers the allegations contained in Paragraphs 6 to 37 of this complaint, as if fully set forth herein.

39. This is an action for the avoidance of transfer of property of the estate pursuant to 11 USC 548.

40. The sale made by Debtor to Defendant constitutes an unwarranted transfer under Section 548 of the Bankruptcy Code to the extent that:

a. Within the two (2) years prior the date of the filing of the petition in related case 19-03969 under the auspices of chapter 13 of the bankruptcy code, debtor sold real property to the Defendant. The aforementioned transaction constitutes a transfer of an interest of the Debtor in property.

b. Debtor received no consideration or reasonably equivalent value in exchange for the transfer, which was made to the sole benefit of the Defendant;

c. Debtor was insolvent on the date the transfer was made or debtor became insolvent as a result of the transfer;

41. Trustee-Plaintiff hereby requests that this Honorable Court entered judgment granting avoidance of the transfer in favor of trustee-plaintiff and order defendant to return the real property to the debtor for the benefit of the estate, and all creditors pursuant to 11 U.S.C. 550.

## COUNT THREE

### CAUSE OF ACTION FOR TURN OVER OF PROPERTY OF THE ESTATE- 11 U.S.C 542

42. Trustee-Plaintiff repeats and re-avers the allegations contained in Paragraphs 6 to 41 of this complaint, as if fully set forth herein.

43. Section 542 (a) of the Bankruptcy Code provides:

(a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for,

such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

44. A debtor's interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of the Bankruptcy Code is property of the estate.

45. Defendant is an entity as defined by 11 U.S.C. 101 (15) and subject to the provisions of 11 U.S.C. 542.

46. Plaintiff-Trustee hereby prays that this Honorable Court enter judgment determining that defendant owes the bankruptcy estate the amount of $93,000.00 or in its defect enter a judgment directing defendant to turn over the property described in paragraph nineteen (19) above to the bankruptcy estate.

47. Plaintiff-Trustee hereby requests leave to file along with this complaint, exhibit 1 and exhibit 3 in the Spanish language until certified English translations are obtained, at which time this complaint will be supplemented.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff-Trustee respectfully requests from this Honorable Court to:

a. Assert jurisdiction over the matter;

b. Enter judgment avoiding the transfer of real property;

c. Avoid the transfer of property of real property under the aegis of 548;

d. Order Defendant to return to the estate the real property described at paragraph 19 of this complaint to the Debtor or in its defect, Order defendant to return to the estate the amount of $93,000.00, payable to Alejandro Oliveras-Rivera, for the benefit of all non-priority unsecured creditors;

e. Order the turnover of real property described at paragraph 19 of this complaint to the debtor.

f. Enter an Order for the Registrar of Property of Caguas, Section 1, to record the real property at paragraph 19, in the name of the debtor.

g. Order defendant the reimbursement to the trustee-plaintiff of all cost and expenses incurred in connection with this adversary proceeding.

h. Enter a judgment granting the relief requested in all causes of action;

i. Grant such other and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 29th day of April, 2021.

**ALEJANDRO OLIVERAS RIVERA**
**CHAPTER 13 TRUSTEE**
P.O. Box 9024062
San Juan, PR 00902-4062
Tel. 977-3500  Fax 977-3521

By: **/s/Pedro R. Medina Hernandez**
Pedro R. Medina Hernandez
Staff Attorney
USDC-PR # 226614
pmedina@ch13sju.com